**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CLEVELAND HANKERSON, | : | HABEAS CORPUS |
|    Petitioner, | : | 28 U.S.C. § 2241 |
| | : | |
| v. | : | |
| | : | |
| DARLENE DREW, | : | CIVIL ACTION NO. |
| Warden, | : | 1:13-CV-1790-WSD-JFK |
| UNITED STATES | : | |
| PENITENTIARY, | : | |
| Atlanta, Georgia, | : | |
|    Respondents. | : | |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Petitioner, Cleveland Hankerson, incarcerated in the United States Penitentiary in Atlanta, Georgia, pursuant to 28 U.S.C. § 2241, challenges his career offender enhancement in United States v. Hankerson, No. 5:91-cr-0010-CAR-CHW-4 (M.D. Ga. 1992). (Doc. 1). Petitioner has paid the filing fee, and the matter is before the Court for consideration of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases ("Rule 4"), as applied to § 2241 petitions. See Rules Governing Section 2254 Cases, Rule 1(b).

Under Rule 4, federal district courts must examine habeas petitions prior to any pleading by the respondent and "dismiss summarily any habeas petition that appears

AO 72A
(Rev.8/82)

legally insufficient on its face[.]" Borden v. Allen, 646 F.3d 785, 810 (11th Cir. 2011) (quoting McFarland v. Scott, 512 U.S. 849, 856 (1994)) (internal quotation marks omitted), cert. denied, _ U.S. _, 132 S. Ct. 1910 (2012).

## I.   Discussion

In 1991, Petitioner was convicted in the Middle District of Georgia on drug and firearm crimes and received a life term of imprisonment plus five years. Hankerson, No. 5:91-cr-0010. Petitioner filed a 28 U.S.C. § 2255 motion challenging those convictions, and the court denied that motion in 2006. Order, Hankerson, No. 5:91-cr-0010, ECF No. 229. In 2011, Petitioner filed in this Court a 28 U.S.C. § 2241 petition challenging his career offender enhancement in Hankerson, No. 5:91-cr-0010. Hankerson v. Keller, No. 1:11-cv-0733-WSD (N.D. Ga. Dec. 23, 2011). In that § 2241 petition, Petitioner contended that he was actually innocent of being a career offender and argued that under Begay v. United States, 553 U.S. 137 (2008), his prior driving-under-the-influence conviction had wrongly been used to categorize him as a career offender. Pet., Hankerson, No. 1:11-cv-0733. The Court found that "despite Petitioner's argument to the contrary, Petitioner was not sentenced beyond the statutory maximum for any of his convictions" and determined that Petitioner could

2

not, therefore, bring a § 2241 challenge under <u>Begay</u> and § 2255's savings clause. Final Report and Recommendation at 9, <u>Hankerson</u>, No. 1:11-cv-0733.

In his current § 2241 petition, Petitioner again challenges his career offender enhancement in <u>Hankerson</u>, No. 5:91-cr-0010. (Doc. 1 at 2). Petitioner now argues that under <u>Begay</u> his prior conviction for aggravated battery should not have been used to categorize him as a career offender. (<u>Id.</u> at 2-3).

Section 2255 of Title 28 prohibits a federal district court from entertaining a federal prisoner's application for general habeas corpus relief under § 2241 if the applicant has not applied for, or has been denied, § 2255 relief, unless §2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255(e). Section § 2255's savings clause, however, is unavailable for a challenge to a sentence that does not exceed the statutory maximum. <u>See</u> <u>Turner v. Warden</u>, 709 F.3d 1328, 1334 (11th Cir. 2013) (citing <u>Gilbert v. United States</u>, 640 F.3d 1293, 1323 (11th Cir 2011)), <u>petition for cert. filed</u>, (U.S. May 17, 2013) (No. 12-10422).

Although *res judicata* does not apply to habeas petitions, "equity usually will not permit a petitioner to reassert a claim already resolved against him in the hope that his successive petition will be heard by a different and perhaps more sympathetic judge." <u>Gunn v. Newsome</u>, 881 F.2d 949, 955 (11th Cir. 1989). "Successive § 2241

3

petitions by federal prisoners are subject to threshold dismissal in the district court . . . ." Antonelli v. Warden, 542 F.3d 1348, 1352 (11th Cir. 2008) (holding that although § 2241 petitions are not subject to gate keeping provisions under § 2244(b), successive § 2241 petitions otherwise are subject to dismissal).

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a).

This Court already has entertained a § 2241 challenge under Begay to the legality of Petitioner's sentence and determined that Petitioner's sentence did not exceed the statutory maximum and that, therefore, he could not bring a § 2241 challenge under Begay and § 2255's savings clause. The Court is not required to entertain Petitioner's successive § 2241 petition, which again attempts, under Begay, to challenge his career offender enhancement. Accordingly, it is recommended that this action be dismissed.[1]

---

[1] Because petitioner is a federal prisoner proceeding under § 2241, he is not required to obtain a certificate of appealability before filing an appeal. See Sawyer v. Holder, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).

**II.     Conclusion**

For the reasons stated above,

**IT IS RECOMMENDED** that this action be **DISMISSED**.

The Clerk of Court is **DIRECTED** to withdraw the referral to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED** this 19th day of June, 2013.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

5

AO 72A
(Rev.8/82)