IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CLEVELAND HANKERSON,

         Petitioner,

v.

DARLENE DREW, Warden, and
UNITED STATES
PENITENTIARY, Atlanta, Georgia,

         Respondents.

1:13-cv-1790-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation [3] ("R&R").

**I.    BACKGROUND**

On May 28, 2013, Petitioner Cleveland Hankerson ("Petitioner"), an inmate at the United States Penitentiary in Atlanta proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges his sentence imposed by the United States District Court for the Middle District of Georgia. He specifically challenges the "career offender" enhancement imposed by the sentencing court.

On June 19, 2013, Magistrate Judge King issued her R&R after reviewing the petition under Rule 4 of the Rules Governing Section 2254 Cases. Judge King found that Petitioner has filed two previous habeas petitions: (1) in 2006, he filed a § 2255 motion in the Middle District of Georgia, challenging his convictions; and (2) in 2011, he filed a § 2241 petition in this Court in which he challenged, as he does here, the "career offender" finding and its impact on his sentencing.[1] Both previous petitions were denied. Noting that successive § 2241 petitions are not permitted, Judge King concluded that this action is required to be dismissed.

On June 27, 2013, Petitioner filed his objections [5] to the R&R. In the objections, Petitioner advances arguments on the merits of his petition. He does not address Judge King's finding that this action is required to be dismissed as a successive petition.

## II.  DISCUSSION

### A.  Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate

---

[1] In his previous § 2241 petition, Petitioner argued that a prior driving-under-the-influence conviction should not have been considered in finding he was a career offender. In this petition, Petitioner argues that his aggravated battery conviction should not have been considered.

judge's report and recommendation. 28 U.S.C. § 636(b)(1) (Supp. IV 2010); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). If no party has objected to the report and recommendation, a court conducts only a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

    B.    Analysis

Petitioner does not object to Judge King's finding that this action must be dismissed because it is a successive § 2241 petition. The Court does not find plain error in this finding. See 28 U.S.C. § 2244(a) ("No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus . . . ."); see also Antonelli v. Warden, 542 F.3d 1348, 1352 (11th Cir. 2008) (holding that, under 28 U.S.C. § 2244(a), "[s]uccessive § 2241 petitions by federal prisoners are

subject to threshold dismissal in the district court"). Accordingly, the Court adopts the R&R.[2]

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Janet F. King's Final Report and Recommendation [3] is **ADOPTED**. This action is **DISMISSED**.

**SO ORDERED** this 11th day of October, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[2] As noted above, Petitioner's objections to the R&R do not address any of the specific findings or recommendations. The objections are not valid and do not affect the Court's conclusions. See Marsden v. Moore, 847 F.2d 1536. 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court."). Accordingly, the objections are overruled.