IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CLEVELAND HANKERSON,

         Petitioner,

v.                                    1:13-cv-1790-WSD

DARLENE DREW, Warden, and
UNITED STATES PENITENTIARY
ATLANTA, GA,

         Defendants.

## OPINION AND ORDER

This matter is before the Court on Petitioner's [sic] "Reply Seeking An Reconsideration To: Opinion and Order" [8] and Motion for Redress [9]. The Court construes these filings as Petitioner's Motion for Reconsideration of the Court's Order from October 11, 2013 [6].

## I. BACKGROUND

On May 28, 2013, Petitioner Cleveland Hankerson ("Petitioner"), an inmate at the United States Penitentiary in Atlanta, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenged his sentence imposed by the United States District Court for the Middle District of

Georgia. He specifically challenged the "career offender" enhancement imposed by the sentencing court.

On June 19, 2013, Magistrate Judge King issued her R&R after reviewing the petition under Rule 4 of the Rules Governing Section 2254 Cases. Judge King found that Petitioner previously filed two habeas petitions.[1] Noting that successive § 2241 petitions are not permitted, Judge King concluded that this action is required to be dismissed. On June 27, 2013, Petitioner filed his objections [5]. He did not address Judge King's finding that this action is required to be dismissed as a successive petition.

On October 11, 2013, the Court adopted Magistrate Judge King's R&R. See 28 U.S.C. § 2244(a) ("No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus . . . ."); see also Antonelli v. Warden, 542 F.3d 1348, 1352 (11th Cir. 2008) (holding that, under 28 U.S.C. § 2244(a),

---

[1] In 2006, Petitioner filed a § 2255 motion in the Middle District of Georgia challenging his convictions, and in 2011, Petitioner also filed a § 2241 petition in the Court challenging the "career offender" finding and its impact on his sentencing. Both of these petitions were denied.

"[s]uccessive § 2241 petitions by federal prisoners are subject to threshold dismissal in the district court.").

On November 11, 2013, 27 days after the Court issued its Order, Petitioner filed two (2) incomprehensible documents, which the Court construes as his Motion for Reconsideration.

## II.   DISCUSSION

### A.   Legal Standard

"A motion for reconsideration made after final judgment falls within the ambit of either Rule 59(e) (motion to alter or amend a judgment) or Rule 60(b) (motion for relief from judgment or order)." Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 n.5 (11th Cir. 1993).  The Court does not reconsider its orders as a matter of routine practice. LR 7.2 E., NDGa.  The Court's Local Rules require the parties to file motions for reconsideration "within twenty-eight (28) days after entry of the order or judgment." Id.

The Court construes that Petitioner seeks reconsideration pursuant to Rule 59(e).  Motions for reconsideration under Rule 59(e) are appropriate only where there is newly-discovered evidence[2] or a need to correct a manifest error of law or

---

[2] Evidence that could have been discovered and presented on the previously-filed motion is not newly discovered.  See Arthur v. King, 500 F.3d 1335, 1343-44 (11th Cir. 2007); see also Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997)

fact. See Hood v. Perdue, 300 F. App'x 699, 700 (11th Cir. 2008) (citing Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996)); Arthur, 500 F.3d at 1343 ("The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact."); Jersawitz v. People TV, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999).[3]

A motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented in the previously-filed motion. See Arthur, 500 F.3d at 1343; O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992); Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003); see also Jones v. S. Pan Servs., 450 F. App'x 860, 863 (11th Cir. 2012) ("A motion to alter or amend a judgment cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment.");

---

("We join those circuits in holding that where a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion.").

[3] Motions for reconsideration under Rule 60(b) are appropriate only where there is "mistake, inadvertence, surprise, or excusable neglect," newly discovered evidence, fraud, a void judgment, or a judgment that has been satisfied or is no longer applicable. Fed. R. Civ. P. 60(b).

Pres. Endangered Areas, 916 F. Supp. at 1560 ("A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time."). Whether to grant a motion for reconsideration is within the sound discretion of the district court. See Region 8, 993 F.2d at 806.

B.  Analysis

The Court dismissed Petitioner's action because it was a successive § 2241 petition, and the saving clause exception under § 2255(e) does not apply to his case. In his Motion to Reconsider, Petitioner appears to challenge, as he has before, the "career offender" finding of the Court and its impact on sentencing. He also seems to assert again that he is entitled to the saving clause exception under § 2255(e).[4]

The Eleventh Circuit does not allow federal prisoners to challenge the application of the sentencing guidelines to their sentences under the savings clause of Section 2255(e) where the challenged sentence does not result in a sentence greater than the statutory maximum sentence. Gilbert v. United States, 640 F.3d

---

[4] An exception to Section 2255(e), known as the "savings clause," permits Section 2241 petitions where it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The Court found that Petitioner failed to demonstrate that a motion brought under Section 2255 would be "inadequate or ineffective to test the legality of his detention."

1293, 1323 (11th Cir. 2011) (en banc) ("the savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum").

Petition's Motions assert the same claims that this Court previously considered and dismissed.  Petitioner does not allege any new evidence or intervening developments or changes in the law.  Petitioner has not demonstrated any reason for the Court to reevaluate its judgment that Petitioner's claims are required to be dismissed as successive petitions pursuant to § 2241 and reconsideration is required to be denied.

### III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner Cleveland Hankerson's Motion for Reconsideration [8, 9] is **DENIED**.


**SO ORDERED** this 20th day of June, 2014.

*[signature]*
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE